**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| J.A.R.-Y., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 7:26-cv-372-LAG-ALS |
| | : | |
| Warden, IRWIN COUNTY DETENTION CENTER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 on November 18, 2026. (ECF No. 1). Upon initial review, it appears Petitioner may be entitled to a bond hearing under *Hernandez Alvarez v. Warden, Fed. Det. Ctr.*, 175 F.4th 1258 (11th Cir. 2026) and the prior precedent of this Court. *See id.* at 1281 (finding 8 U.S.C. § 1225(b)(2) only applies to those aliens "who have not yet entered the United States, but are 'seeking admission' at the border"); *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) (same); *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025) (same). To satisfy this entitlement, any bond hearing must comport with all requirements of due process. *See J.G. v. Warden, Irwin Cnty. Det. Ctr.*, 501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020) (holding that bond hearings under 1226(a) and the applicable regulations shall comport with all requirements of due process, including the requirement that the Department of Homeland Security shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk).

Respondents shall have seven (7) days to file a Return under 28 U.S.C. § 2243. In the Return, Respondents must specifically state (1) the asserted detention authority for

Petitioner, and (2) whether Respondents agree that Petitioner is entitled to a bond hearing under the cases discussed above. The Court may set a further briefing schedule once Respondents file their Return.

**SO ORDERED**, this 18th day of November, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE